Judge Mills
delivered the opinion.
This is án action against a constable and his securities, on his bond of office, with a breach assigned, for not returning an execution, also for the non payment cf the money collected. On the trial, the justice of the peace was introduced, who issued the execution. He deposed that he placed the execution in the hands of the defendant below, and that it never had been returned to him; but that the constable had told him, said justice, that he had collected the money, but claimed it as his own. The justice further deposed, that a person, who had been a predecessor in office of the present constable, and who stated that he had given a receipt for the demand to the present relators, directed him, said justice, when the money was collected, to pay it to the relators, if his receipt was produced. That since then, the present and former constable had an entire settlement in the presence of him, said justice, including all executions and other demands, and the present constable discharged all balances due to the former one. The counsel for the plaintiff moved the court to direct the jury to disregard so much of that testimony as proved any settlement between the present and former constable, or any payment of the money in contest to the former. The court overruled »he motion, and the jury found for the defendants,
We cannot see any propriety in admitting the evidence objected to. There was nothing proved conducing to shew that the former constable had any authority to control the demand, much less to settle for and receive the money. Any acts or sayings ot his were improper as evidence to discharge the present constable and his securities. He w as bound to account to the plaintiffs in execution, or those au-thorised by them, aud to no others.
The judgment must therefore be reversed and verdict set aside with costs, and the cause be remanded for new pro ceedings accordant with this opinion.